**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-60733
Summary Calendar

ROSA BAQUEDANO MORALES; CECYLL PADILLA BAQUEDANO; PATRICK PADILLA BAQUEDANO; RAYMOND PADILLA BAQUEDANO

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94-790-941
BIA No. A94-790-942
BIA No. A94-790-943
BIA No. A94-790-944

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rosa Baquedano Morales (Baquedano) is a native and citizen of Honduras. She seeks review of a decision by the Board of Immigration Appeals (BIA) denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), which she filed on behalf of herself and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her three minor children. This court will uphold the BIA's factual findings if the findings are supported by substantial evidence. *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. *Id.* "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). This court reviews the BIA's resolution of questions of law de novo, giving "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (internal quotation marks omitted).

Baquedano argues that she is entitled to asylum because she suffered past persecution at the hands of Victorian Centeno-Lopez, a police officer who was her neighbor, because she was a member of the human rights organization Xibalba. Baquedano stated in the complaint that she filed against Centeno-Lopez that he assaulted her son and threatened her daughter because they were playing ball in front of his house. She also stated in her complaint that Centeno-Lopez had a reputation among his neighbors for shooting his gun at nighttime in a state inebriation. This was corroborated by the report that followed Baquedano's complaint. The record establishes that Centeno-Lopez had trouble getting along with his neighbors but does not establish that he threatened Baquedano's family because of her political opinion or membership in Xibalba. Therefore, substantial evidence supports the BIA's determination that Baquedano failed to prove past persecution on a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).

Baquedano's argument that others beside Centeno-Lopez persecuted her is likewise unavailing. Threatening phone calls, knocks on her front door by "suspicious" men, the questioning of her husband, and assigning the same investigator to her complaint does not amount to the infliction of suffering or

harm to Baquedano and her family under government sanction. *See Chen*, 470 F.3d at 1135; *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).

Baquedano has not demonstrated a subjective fear of persecution that is objectively reasonable because she does not show that she would singled out for persecution upon her return to Honduras. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). Baquedano has not refuted the BIA's determination that she could safely relocate on her return to Honduras. *See* 8 C.F.R. § 208.13(b)(2)(ii).

Because Baquedano does not address in her brief her entitlement to withholding of removal, she has abandoned any argument relative to the same. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Notwithstanding this omission, Baquedano's failure to establish eligibility for asylum is dispositive of whether she is entitled to withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004). Last, Baquedano fails to meet her burden of showing that more likely than not she would be subjected to torture upon her return to Honduras such that she is entitled to relief under the CAT. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002) (citing 8 C.F.R. § 208.16(c)(2)).

AFFIRMED.